IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| LONDA HOSKINS, <br><br> Plaintiff, <br> v. <br><br> CAROLYN W. COLVIN, <br> Acting Commissioner of Social Security, <br><br> Defendant. | MEMORANDUM DECISION AND ORDER GRANTING IN PART MOTION FOR 406(b) FEES <br><br><br> Case No. 1:14-cv-00076-BCW <br><br> Magistrate Judge Brooke Wells |

Plaintiff's counsel petitions the court for attorney fees under 42 U.S.C. § 406(b).[1] Fees under this provision are awarded from the claimant's past-due benefits and are capped at 25 percent of the total of the past-due benefits, and must be reasonable.[2] Plaintiff's counsel seeks an award in the amount of $9,893.75. Previously the court awarded EAJA fees in the amount of $3,378.66[3] and Plaintiff's counsel represents that this amount will be refunded once 406(b) fees are paid.[4] The "Commissioner has no objection to the petition in this case."[5]

The Social Security Act provides that when a disability claimant is successful in Federal Court, the court may authorize payment of reasonable attorney fees up to 25% of the claimant's past-due benefits.[6] The amount sought here, $9,893.75, constitutes 25 percent of past due benefits.[7]

---

[1] Docket no. 22.

[2] 42 U.S.C. § 406(b)(1)(A); 20 C.F.R. § 404.1730 (2014).

[3] Docket no. 21.

[4] Mtn. p.

[5] Response p. 2, docket no. 23.

[6] 42 U.S.C. § 406(b)(1).

[7] Mtn p. 1; Affidavit of Natalie Bolli-Jones p. 2, docket no. 22-1.

In *Gisbrecht v. Barnhart*[8] the Supreme Court provided guidance for courts when considering contingent-fee agreements like the one in this case.  The Court instructed district courts to "review for reasonableness fees yielded by those agreements" and noted that § 406(b) did not displace contingent-fee agreements.[9]  The Court provided some examples where other courts "have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved."[10]  For example, fees have been reduced for substandard representation,[11] for delay created by an attorney,[12] and "if the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order."[13]

Via affidavit Plaintiff's counsel attests that 19.30 hours were worked on this case.[14]  So an award in the amount Plaintiff's counsel seeks under the contingent-fee agreement equates to approximately $512.63 an hour.  The court finds this amount to be a windfall for Plaintiff's counsel.  "[A] deduction should be made by the court if the award of benefits is so high as to cause attorney's fees to constitute a "windfall."  Many courts and Congress have discussed the need to prevent windfalls for lawyers."[15]  Accordingly, the court will reduce the amount awarded by 7 percent to 18 percent of past benefits.  Based upon Plaintiff's counsel's calculations, the court calculates the amount of past benefits as $39,575.  Reducing the amount of 406(b) fees by

---

[8] 535 U.S. 789 (2002).

[9] *Id.* at 808.

[10] *Id.*

[11] *Lewis v. Secretary of Health and Human Servs.*, 707 F.2d 246, 249-50 (6th Cir. 1983).

[12] *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989).

[13] *Gisbrecht*, 535 U.S. at 808 (citing *Rodriquez* 865 F.2d at 747).

[14] Docket no. 22-3.

[15] *Rodriquez*, 865 F.2d at 747; *see also Gisbrecht*, 535 U.S. at 808; *Coulter v. State of Tenn.*, 805 F.2d 146, 148-49 (6th Cir. 1986) ("Congress did not intend that lawyers, already a relatively well off professional class, receive excess compensation or incentives beyond the amount necessary to cause competent legal work to be performed  in these fields.").

7 percent equates to an award of $7123.50. This is approximately $369.09 an hour and an amount more than double EAJA fees previously awarded by the court. The court finds this hourly rate reasonable and fair in light of Plaintiff's counsel's experience, the amount of work performed on this case and the complexity of this matter. Such an amount, in the court's view, also prevents a windfall for Plaintiff's counsel.

Accordingly, Plaintiff's counsel's Motion for 406(b) fees is GRANTED IN PART. The court reduces the fees awarded to Plaintiff's counsel to $7123.50.

IT IS SO ORDERED.

DATED this 23 May 2016.

Brooke C. Wells
United States Magistrate Judge